## TEASEY vs. BAKER.

An injunction will be dissolved upon the answer, only when it denies explicitly the facts upon which the equity of the bill is founded; it is not sufficient that it denies the inference to be drawn from the facts, or their effect.

On motion to dissolve injunction.

*Mr. C. H. Voorhis,* in support of the motion.

*Mr. Muirhead,* contra.

THE CHANCELLOR.

The injunction issued was to restrain Baker from collecting a certain mortgage given to him by the defendant, Farrelly, at request of complainant. This mortgage was for the consideration of a house and lot conveyed by complainant to Farrelly, and was given to Baker in part payment for a hotel, store, and appurtenances, at Larabee's Point, Vermont, purchased by complainant of Baker. Teasey, in the bill, complains that Baker made false and fraudulent representations as to the nature and value of the property and amount of the business that had been done there; also, that the purchase included all the furniture in the hotel, except sufficient to furnish one room, and that Baker refused to convey or deliver the furniture, and that he had unlawfully and clandestinely removed it.

The defendant has answered the complainant's bill, and upon that answer moves for a dissolution of the injunction. Generally, when an answer denies the equity of a bill upon which the injunction is founded, the injunction will be dissolved. But the answer must deny explicitly the facts on which that equity is founded. It is not sufficient that it denies the inference to be drawn from those facts, or their

effect. The bill in this case, charges misrepresentations by advertisements, and also other parol misrepresentations in the negotiations with the complainant. The answer admits the advertisements, but neither admits nor denies those charged to be made by parol. The bill states in what particulars they were untrue. The answer neither admits nor denies the truth of these allegations, but denies generally "that he ever made any false or fraudulent representations whatever to the complainant, or in his presence." This does not show whether the defendant intended to deny the fact that he made the representations charged, or to insist upon their truth. It is not a sufficient answer, and will not entitle the defendant to a dissolution of the injunction founded on them.

The bill further charges that all the furniture in the hotel, except sufficient for one room, was included in the sale, and that it was not conveyed or delivered by Baker, but was secretly taken away by him. The answer neither admits nor denies the alleged sale, or the taking away of the furniture, but says that Baker delivered to him all the personal property which was included in the bargain, and which it was mentioned should belong to him, and denies that Baker removed any personal property which was to belong to complainant.

The answer on this point is, in both points, insufficient and evasive, and does not deny the equity of the bill in such manner that the court can take notice of it. The answer must state the facts as to the bargain, and then state what was delivered under it. The court must judge whether all was delivered that the complainant was entitled to have.

The motion must be denied, with costs.